Filed 7/31/13  P. v. Trevino CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LORENZO GILBERT TREVINO, JR.,<br><br>Defendant and Appellant. | F063621<br><br>(Super. Ct. No. F10904144)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Franson, J.

Appellant Lorenzo Gilbert Trevino, Jr. was charged with one count of petty theft with priors (Pen. Code, §§ 484, subd. (a), 666)[1] and one count of second degree burglary (§§ 459, 460, subd. (b)). It was also alleged appellant had one prior "strike" conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and served two prior prison terms (§ 667.5., subd. (b)). Appellant pled no contest to the second degree burglary charge and admitted the prior strike conviction. The trial court dismissed the remaining count and the prison priors pursuant to the prosecutor's motion. The trial court sentenced appellant to the mid-term of two years, doubled to four due to his prior strike conviction. He received 477 days of total presentence custody credit, consisting of 319 actual days and 158 conduct days.[2] Appellant's sole ground for appeal concerns the trial court's calculation of conduct credits. The sentencing judge awarded 158 conduct credit days. Appellant contends that the conduct award should be 319 days because the equal protection clause of the California Constitution and the Fourteenth Amendment to the United States Constitution require that the present Penal Code section 4019 be applied retroactively to appellant. We reject appellant's argument and affirm the lower court judgment.

## DISCUSSION

Section 4019, which affects the calculation of conduct credits, has undergone several legislative changes in recent years. The trial court awarded conduct credits pursuant to the January 25, 2010, version and awarded 319 actual days plus 158 conduct credit days. In 2011, section 4019 was amended to provide a more generous conduct credit calculation (day for day) than the formula provided in the January 25, 2010,

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] Prior to sentencing the court held a *Marsden* hearing (*People v. Marsden* (1970) 2 Cal.3d 118), which was denied. The court also held appellant's motion to withdraw his plea, which was denied. Neither of these orders is challenged on appeal.

version. The 2011 amendment expressly applies to persons whose crimes were "committed on or after October 1, 2011." (§ 4019, subd. (h).) Since appellant's offense occurred on August 3, 2010, the express language of the 2011 amendment would exclude appellant from its application. However, appellant contends that equal protection principles require retroactive application of the amendment. Appellant's brief noted that California courts have been divided on this issue and that the issue was then pending with the California Supreme Court in *People v. Brown* (2010) 182 Cal.App.4th 1354, review granted June 9, 2010, S181963.

Our Supreme Court decided *Brown* in 2012. (*People v. Brown* (2012) 54 Cal.4th 314.) In *Brown*, the court held that prisoners who served time in custody before the effective date of the 2010 amendment to section 4019 were not similarly situated to those who served time in custody after the amendment took effect. Thus, the statute that increased presentence conduct credits did not increase credits for custody served before the effective date of the 2010 amendment. No retroactive application was upheld. The court specifically rejected the equal protection argument that appellant asserts here. Moreover, in footnote 11 of the opinion, the court also rejected Brown's claim that he was entitled to retroactive application of the 2011 amendment. The court pointed out that the amendment did not assist Brown because its changes expressly applied prospectively to prisoners whose crimes were committed on or after October 1, 2011, and Brown committed his offense in 2006.

*Brown* disposes of appellant's retroactivity argument. The express language of the 2011 amendment renders the provisions of the amendment inapplicable to appellant, whose crime occurred before October 1, 2011. Moreover, his constitutional argument that he is entitled to retroactive application of the amendment under the equal protection clauses of the state and federal Constitutions is likewise without merit for the reasons explained in *People v. Brown*, *supra*, 54 Cal.4th 314.

## <u>DISPOSITION</u>

The lower court judgment is affirmed.